■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM GUERRIOS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Calabretta, J.), rendered January 2, 1987, convicting him of sexual abuse in the first degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the case is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

Effective November 1, 1984, the Legislature repealed the statutory provisions requiring corroboration of the victim's

testimony in certain sex crime prosecutions involving under-age victims (Penal Law §§ 130.16, 260.11, as amended by L 1984, ch 89). On the instant appeal, the defendant argues that the application of this repealing enactment to a prosecution for crimes occurring before its effective date, as occurred in the instant criminal action, violates the Ex Post Facto Clause of the United States Constitution (US Const, art I, § 10; *see also,* § 9, cl 3).

The Court of Appeals has recently rejected this identical argument in *People v Hudy* (73 NY2d 40). Accordingly, the Ex Post Facto Clause is not implicated in the instant case, and the defendant was lawfully convicted of the charged crimes even without proof to corroborate the underage victim's testimony as to the incident.

We have reviewed the defendant's remaining argument and find it to be without merit *(see, People v Ranghelle,* 69 NY2d 56). Mangano, J. P., Thompson, Brown and Kunzeman, JJ., concur.